

*STATE OF NEW JERSEY*

**MIKIE SHERRILL**
*Governor*

**DR. DALE G. CALDWELL**
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ  08625-0080

**JENNIFER DAVENPORT**
*Attorney General*

**JEREMY M. FEIGENBAUM**
*Solicitor General*

April 7, 2026

<u>**VIA ECF**</u>
Honorable Georgette Castner, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Courtroom 5E
Trenton, New Jersey 08608

> **Re:** ***United States of America v. New Jersey, et al.,***
> **Civil Action No. 26-01770 (GC)**

Dear Judge Castner:

Under Your Honor's individual rules and procedures, Defendants State of New Jersey and Governor Mikie Sherrill write to request a pre-motion conference before moving to dismiss the complaint. If the Court determines that a pre-motion conference is unnecessary and directs the parties to proceed with briefing, Defendants respectfully request at least two weeks from the date of any such order to file their moving papers.

## I.     Background

There have been "deeply troubling trends in militarized federal civil immigration enforcement" across the United States. *See* EO12 at 2, *available at* https://nj.gov/infobank/eo/057sherrill/pdf/EO-12.pdf. Those trends have triggered a "renewed examination" of how New Jersey's resources "could be leveraged to assist with such enforcement." *See id.* As particularly relevant here, the Governor has explained that "property and resources owned and controlled by the State are intended to serve the residents of New Jersey," and "the use of certain [s]tate properties and resources for civil immigration enforcement purposes would interfere with or burden [s]tate government activities, erode public trust in [s]tate government, and undermine public safety." *Id.* at 2–3.

To that end, the Governor issued Executive Order 12, which establishes a framework for interactions between state officials and federal immigration officers on state property. If authorized by a judicial warrant or judicial order, federal immigration officers are permitted to enter, access, or use nonpublic areas of state property to facilitate federal enforcement of civil immigration law. EO12 ¶ 2. Similarly, when authorized by judicial warrant or judicial order, federal immigration officers can use state property as a staging area, processing location, or operations base to facilitate federal enforcement of civil immigration law. *Id.* ¶ 3. And even without a judicial warrant or order, federal immigration authorities may access state property in the same manner as the general public, but they have no further access beyond that. *Id.* ¶¶ 2–3, 5.e.

Just days after the Governor issued EO12, the Federal Government filed a three-count complaint. The complaint claims that EO12 is preempted because it poses an obstacle to federal immigration enforcement (Count One). It also claims that EO12 violates intergovernmental immunity, both by directly regulating the Federal Government (Count Two) and by discriminating against federal officers (Count Three). Compl. ¶¶ 68–83. Because the complaint fails on every level, this Court should dismiss all three counts in full.

## II.    Discussion

Defendants' motion will seek dismissal for lack of Article III standing and failure to state a claim.

As to standing, the Federal Government errs in claiming it is harmed by the lack of unencumbered access to state property. State officials could always, in their discretion, refuse entry to immigration officers who lack a judicial warrant or order. So even if EO12 were fully enjoined, it is far from clear that the Federal Government would gain the unrestricted access to state property it wants. That means Plaintiff cannot show traceability or redressability because its harm is based on "the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992).

As to the merits, the Federal Government's claims are all fatally flawed for both interrelated and independent reasons.



2 | Pre-motion Letter

The Federal Government wrongly claims that EO12 is preempted. For one, if federal law actually preempted EO12, States would be forced to assist immigration officers in enforcing immigration law by making state property uniquely available to immigration officers above and beyond access provided to the public. That would commandeer the States in violation of the constitutional structure and the Tenth Amendment. *See Printz v. United States*, 521 U.S. 898, 919 (1997). For another, Plaintiff's preemption arguments fail even on their own terms. The complaint cites only a hodgepodge of statutory provisions and "some brooding federal interest" in enforcing federal immigration law. *Kansas v. Garcia*, 589 U.S. 191, 202 (2020) (cleaned up). Especially given the presumption against preemption, that is not enough. So whether through an anticommandeering analysis or a preemption analysis, this Court should dismiss Plaintiff's preemption claim.

The Federal Government also erroneously claims that EO12 violates intergovernmental immunity. That doctrine "prohibit[s] state laws that either regulate the United States directly or discriminate against the Federal Government or those with whom it deals." *United States v. Washington*, 596 U.S. 832, 838 (2022) (cleaned up). EO12 does neither. Because the State is acting as a proprietor of its own property, intergovernmental immunity is inapplicable. A contrary conclusion would, once again, unconstitutionally commandeer New Jersey. And even if the State were acting as a regulator, both types of intergovernmental immunity would fail. State directions to its *own* officials—even about dealings with federal immigration authorities—do not directly regulate the Federal Government. *McHenry Cnty. v. Raoul*, 44 F.4th 581, 594 (7th Cir. 2022). Nor does EO12 discriminate against the Federal Government in comparison to "similarly situated" entities. This Court should therefore dismiss Plaintiff's intergovernmental-immunity claims as well.

This Court should grant Defendants leave to move to dismiss Plaintiff's complaint.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:   */s/ September R. McCarthy*
September R. McCarthy
Deputy Attorney General

