

**U.S. Department of Justice**
*Civil Division*
*Enforcement & Affirmative Litigation*
*Washington, D.C. 20044*

---

VIA ECF                                                                                    April 14, 2026

Hon. Georgette Castner, United States District Judge
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:**   *United States of America v. New Jersey, et al.*, **No. 3:26-cv-1770**

Dear Judge Castner,

Plaintiff United States of America submits this Response to Defendants' pre-motion conference request in which they identified their anticipated bases for moving to dismiss the present litigation before this Court for lack of Article III standing and failure to state a claim. ECF No. 6.

Defendants are correct that there is a "deeply troubling trend … across the United States," ECF No. 6 at 1, but mistakenly imagine the lawful enforcement of federal immigration law as the source of the Nation's troubles. In reality, the trouble is with the unprecedented entry of illegal aliens across the southern border of the United States during the previous presidential administration. This crisis was so severe that President Trump declared a national emergency on the first day of his second presidency. Proclamation 10,886, *Declaring a National Emergency at the Southern Border of the United States*, 90 Fed. Reg. 8327, 8327 (Jan. 20, 2025). The federal government has now prioritized a nationwide effort to identify and remove illegal aliens from the United States in accordance with federal law. Exec. Order 14,159, *Protecting the American People Against Invasion*, 90 Fed. Reg. 8443, 8443 (Jan. 20, 2025). New Jersey's unconstitutional Executive Order No. 12 is a misconceived attempt to undermine those crucial law enforcement efforts and can only serve, if left in place, to make New Jerseyans less safe.

The State of New Jersey, at the direction of Governor Mikie Sherrill, issued a blanket prohibition in Executive Order No. 12, barring federal immigration officers from "entering, accessing, or using nonpublic areas" of state-owned property to enforce civil immigration law, and prohibiting federal immigration officers from using state-owned property as a "staging area, processing location, or operations base" to enforce civil immigration law. (Feb. 11, 2026) ("NJ Exec. Order No. 12" or "Executive Order"). The State of New Jersey has adopted this policy with the clear objective of obstructing President Trump from enforcing federal immigration law. The policy is designed to and in fact does interfere with and discriminate against the Executive's enforcement of federal immigration law in violation of the Supremacy Clause. Defendants seek to dismiss the lawsuit, claiming that Plaintiff cannot establish standing or valid preemption claims.

April 14, 2026
Page 2

ECF No. 6. The Court should deny Defendants' motion for the following reasons, which Plaintiff will further develop in briefing.

First, Defendants challenge Plaintiff's standing to sue, suggesting that Plaintiff cannot show its injuries are traceable or redressable because "[s]tate officials could always, in their discretion, refuse entry to immigration officers who lack a judicial warrant or order." ECF No. 6, at 2. Defendants conclude that as such, even if NJ Exec. Order No. 12 were enjoined, the Federal Government may still be precluded from accessing state property. But the Executive Order requires a blanket prohibition on access to "nonpublic areas of State property for the purpose of facilitating federal enforcement of civil immigration law" by *directing* that executive branch departments and agencies "shall not permit or consent to federal immigration officers using State property as a staging area, processing location, or operations base for the purpose of facilitating federal enforcement of civil immigration law." NJ Exec. Order No. 12, §§ 2-3. Defendants cite to no source that establishes that state officials retain discretion to act on their own accord, and the issuance of the Executive Order itself undercuts this argument. For if state officials retained discretion, then the Executive Order invalidates that discretion by mandating certain limitations to state property access. Even if officers may retain some discretion to control access to state property, that discretion should not be limited by the directive that restricts, altogether, Federal Government access. Plaintiff reasonably establishes an injury that can be traced to the directives in the Executive Order. *Falcone v. Dickstein*, 92 F.4th 193, 204 (3d Cir. 2024) ("The remedy he seeks need not be complete or relieve every injury alleged to satisfy Article III standing."), *cert. denied sub nom. Murray-Nolan v. Rubin*, 144 S. Ct. 2560 (2024). As such, the United States has suffered a concrete injury traceable to New Jersey's policy because it directly interferes with the federal government's legally protected interest in enforcing federal law. *See United States v. Missouri*, 114 F.4th 980, 985 (8th Cir. 2024) ("Interference with the federal government's interest in enforcing federal law is sufficient to establish that the Act's implementation injured the United States.").

Second, as to the merits of the preemption claims, Plaintiff will establish that Defendants' challenged policy is conflict preempted because it poses "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," specifically, the operation of the immigration laws. *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). To ensure the successful implementation of those laws, Congress anticipated coordination between federal, state, and local officials. But the strict limitations imposed by New Jersey's Executive Order impede federal immigration agents' ability to engage in civil immigration enforcement according to the laws of the United States. *See, e.g.*, 8 U.S.C. §§ 1226a, 1226(c), 1231(a), 1357; *see also* 18 U.S.C. §§ 372, 1071; *City of New York v. United States*, 179 F.3d 29, 35 (2d Cir. 1999) ("A system of dual sovereignties cannot work without informed, extensive, and cooperative interaction of a voluntary nature between sovereign systems"). Contrary to Defendants' assertions, Plaintiff cites to more than a "hodgepodge of statutory provisions" (ECF No. 6 at 3). Rather, the challenged policy conflicts with the entire "extensive and complex" statutory scheme for the "governance of immigration and alien status," that regulates aliens present in the United States. *Arizona v. United States*, 567 U.S. 387, 395 (2012).

And Defendants' broad conclusion that, "if federal law actually preempted EO12, States would be forced to assist immigration officers in enforcing immigration law by making state

April 14, 2026
Page 3

property uniquely available to immigration officers above and beyond access provided to the public[,]" is without support. Defendants suggest that a finding of preemption would violate the Tenth Amendment's anti-commandeering principle. The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Accordingly, it "prohibits the federal government from compelling the States to enact or administer a federal regulatory program." *New York v. U.S. Dep't of Justice*, 951 F.3d 84, 112 (2d Cir. 2020). Although certain rights are reserved to the States, under the Supremacy Clause, federal law is the "supreme Law of the Land," U.S. Const. art. VI, cl. 2, and "state and local laws that conflict with federal law are 'without effect.'" *New York SMSA Ltd. P'ship v. Town of Clarkstown*, 612 F.3d 97, 103 (2d Cir. 2010) (internal citation omitted). The federal government does not compel the state to enact or administer a federal regulatory program, but rather, federal law demands that federal immigration officials, who are indeed singled out in the Executive Order, be provided the same access seemingly provided to other citizens and state or federal entities to carry out civil immigration enforcement according to the laws of the United States. Defendants' Tenth Amendment arguments hinge on a fundamental mischaracterization of Plaintiff's arguments. Again, Plaintiff does not seek to commandeer the state, but simply challenges the Executive Order on the basis that it exclusively restricts federal immigration authorities in such a way that other entities are not restricted. Defendants cannot overcome Plaintiff's claims based on the Tenth Amendment.

Moreover, Defendants' challenged policies unlawfully discriminate against the federal government by singling out federal immigration officials, such as Immigration and Customs Enforcement ("ICE"), for unfavorable treatment. Defendants argue that because "the State is acting as a proprietor of its own property, intergovernmental immunity is inapplicable." ECF No. 6 at 3. Defendants rely on the anti-commandeering principles of the Tenth Amendment for this argument because "[a] contrary conclusion would, once again, unconstitutionally commandeer New Jersey." *Id*. Again, the Defendants may remain a "proprietor of its own property" without singling out the Federal Government for disparate treatment, which is exactly what the policy seeks to do. This policy, on its face, treats federal immigration authorities less favorably than other law enforcement agencies and discriminatorily burdens the United States in carrying out its immigration enforcement functions. *See North Dakota v. United States*, 495 U.S. 423, 438 (1990).

Respectfully submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

April 14, 2026
Page 4

ANNA EDWARDS
Counsel to the Associate Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

*/s/ Robert O. Lindefjeld*
Robert O. Lindefjeld
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington DC 20044
(202) 305-7000
Robert.o.lindefjeld@usdoj.gov

Attorneys for Plaintiff
United States of America